## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **ZACHARY OLEN CAREY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 3:23-CV-00048-CDL-CHW** |
| | : | |
| **JUDGE HARVEY WASSERMAN,** | : | |
| *et. al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Zachary Olen Carey, an inmate currently confined at the Telfair State Prison in Helena, Georgia, seeking relief pursuant to 42 U.S.C. 1983 (ECF No. 1).  Plaintiff also seeks leave to proceed *in forma pauperis* in this action (ECF No. 2).  For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED,** but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action.  His application to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the

prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.       Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund

account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.      Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I.      Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other*

3

grounds by *Wilkins v. Gaddy*, 559 U.S. 34 (2010; *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.   Factual Allegations

Plaintiff's claims in this case are not entirely clear from the Complaint but appear to arise from his arrest on January 28, 2022 in Bowman, Georgia.  Compl. 5, ECF No. 1. On that date, sheriff's deputies executed a no-knock warrant on the mobile home in which Plaintiff was living.  *Id.*  Plaintiff alleges this search was illegal because the warrant did not contain his name and was not for the portion of the mobile home he was renting.  *See id.*  Plaintiff also claims that he was not "under supervision by any government agencies, state probation, parole, or no federal agencies either," but that Defendant Bennie Harper, a state probation officer, illegally changed Plaintiff's probation dates to reflect that Plaintiff was on probation at the time of the search.  *Id.*   Plaintiff was thus arrested and "false[ly] imprisoned" in the Hart County Jail until March 11, 2022, when he was transported back to prison after probation revocation proceedings.  *Id.*  Plaintiff claims he is now confined in the Telfair State Prison despite not having "been convicted of any new crime."  *Id.* Plaintiff thus contends his constitutional rights have been violated, and as a result he seeks

monetary damages and requests that criminal charges be brought against Defendants.  *Id.* at 6.

### III.    Plaintiff's Claims

Plaintiff has named Judge Harvey Wasserman, Bennie Harper, the "Hart County Georgia Superior Court Office," and the Northern Judicial Circuit as the only Defendants in this case.  Compl. 1, 4, ECF No. 1.  Plaintiff's claims against each of these Defendants must be dismissed.  First, neither the Hart County Georgia Superior Court Office nor the Northern Judicial Circuit are proper Defendants in this action.  To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived him of some federally-protected right.  *Hale*, 50 F.3d at 1582.  Because "[t]he law is well-settled that state courts are not persons within the meaning of 42 U.S.C. § 1983," these two Defendants are entities that are not being capable of being sued under § 1983.  *Harris v. Elmore Cnty. D.A. Office*, Civil Action No. 2:13-CV-41-TMH, 2013 WL 1084294, at *1 (M.D. Ala. Jan. 20, 2013); *see also Foster v. Walsh*, 864 F.2d 416, (6th Cir. 1988) (noting that "[t]hose courts that have considered the matter seem to have held unanimously that a court is not a 'person' within the meaning of that term as used in § 1983"); *Moity v. La. State Bar Ass'n*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976) (dismissing claims against Louisiana State Court for lack of jurisdiction because "the defendant Court is not a 'person' amenable to suit under s 1983").  Plaintiff's claims against the Hart County Georgia Superior Court Office and the Northern Judicial Circuit should therefore be dismissed.

Second, judicial immunity bars Plaintiff's claims against Defendant Wasserman. The Complaint indicates that Defendant Wasserman was the judge who revoked Plaintiff's probation. Attach. 1 to Compl. 6, ECF No. 1-1. "Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.* Defendant Wasserman's allegedly unconstitutional conduct occurred entirely during Plaintiff's state court proceedings, and there is no suggestion that he acted in the clear absence of all jurisdiction. Thus, Defendant Wasserman is entitled to judicial immunity, and the claims against him should be dismissed.

Finally, to the extent Plaintiff is suing Defendant Harper regarding his current incarceration, he has also failed to state an actionable claim. Plaintiff does not allege that Defendant Harper took part in his physical arrest or the search of the mobile home in which Plaintiff was living. Even when the Complaint is liberally construed, it appears the only claims against Defendant Harper are those concerning the alleged falsification of the documents that showed Plaintiff was on probation, which led to Plaintiff's detention, the revocation of his probation, and Plaintiff's incarceration under an "illegal sentence." Compl. 5, ECF No. 1; *see also* Attach. 1 to Compl. 1, ECF No. 1-1 (alleging that Plaintiff "was in and out of court and arrested several times by deputies saying [he] had probation warrants" because Defendant Harper "illegally chang[ed] dates to have it look as if

[Plaintiff] were still on probation").   These allegations can be liberally construed as raising claims for malicious prosecution under § 1983.  *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (per curiam) (holding that "[t]he issuance of a warrant—even an invalid one as [the plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest"); *see also Gervin v. Florence*, 1:21-CV-67 (LAG), 2023 WL 3267850, at *8 (M.D. Ga. Mar. 31, 2023) (finding that a probation revocation is a criminal proceeding for purposes of a § 1983 malicious prosecution claim).

A § 1983 claim for malicious prosecution has two elements: "the plaintiff must prove (1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against him terminated in his favor." *Luke v. Gulley*, 975 F.3d 1140, 1143-44 (11th Cir. 2020).  The falsification of the information on a probation warrant could certainly violate an individual's Fourth Amendment right to be free from seizures pursuant to legal process.  *See, e.g., Gervin*, 2023 WL 3267850, at *8.  Plaintiff, however, has failed to allege that any of the criminal proceedings against him terminated in his favor.  Indeed, it appears from the Complaint that his probation was ultimately revoked and that he was sent back to prison to complete his sentence.  Accordingly, Plaintiff has failed to state a § 1983 malicious prosecution claim, and any such claims are subject to dismissal.

Plaintiff's claims challenging the revocation of his probation also appear to be barred by the related doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that "when a state prisoner seeks damages in

a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.  If it would, the prisoner "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87.  If the prisoner cannot show that his conviction or sentence has been invalidated in this manner, the prisoner's § 1983 claim is not cognizable. *Id.* at 487.

In this case, Plaintiff claims that Defendant Harper falsified the documents showing Plaintiff was on probation.  He thus contends his probation could not have been revoked because he was not supposed to be on probation in the first place.  If Plaintiff were to prevail on this claim, however, it would necessarily imply the invalidity of the order of revocation and his resulting sentence.  Because Plaintiff has failed to show that the revocation or his sentence have already been invalidated, Plaintiff's claims against Defendant Harper also appear likely to be *Heck*-barred.  *Cobb v. Florida*, 293 F. App'x 708, 708 (11th Cir. 2008) (per curiam) (affirming dismissal of complaint as *Heck*-barred where "necessary implication of a grant of relief would be that [prisoner's] probation revocation is invalid"); *Vickers v. Donahue*, 137 F. App'x 285, 289-90 (11th Cir. 2005) (per curiam) (finding that *Heck* barred claims that plaintiff had been unlawfully incarcerated where factual basis for claim was that probation officer falsified affidavit which caused revocation warrant to issue).

## IV.     Conclusion

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but Plaintiff's claims are legally frivolous or fail to state a claim upon which relief may be granted.  It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 30th day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

10