**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| ZACHARY OLEN CAREY, | : |
| Plaintiff, | : |
| VS. | : NO. 3:23-CV-00048-CDL-CHW |
| JUDGE HARVEY WASSERMAN, *et. al.*, | : |
| Defendants. | : |

**ORDER**

Presently pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 10), challenging the Court's August 30, 2023 Order and Judgment adopting the recommendation of the United States Magistrate Judge to dismiss this action (ECF Nos. 5, 6). Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. §

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

1915(a)(3).  "'[G]ood faith' . . . must be judged by an objective standard."  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.  *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981).  An issue "is frivolous if it is 'without arguable merit either in law or fact.'"  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  "Arguable means being capable of being convincingly argued."  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).  "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'"  *Sun*, 939 F.2d at 925 (citations omitted).

Plaintiff's appeal in this case is not taken in good faith because he does not seek review of a non-frivolous issue.  As best as the Court can tell, Plaintiff is arguing that the Court erred by dismissing his malicious prosecution claims.  *See* Mot. Proceed IFP 1, ECF No. 10.  But Plaintiff has still failed to explain how the criminal proceedings against him terminated in his favor, and he has thus failed to plead an essential element of his malicious prosecution claim.  As such, Plaintiff's appeal is frivolous and not taken in good faith. *Carroll*, 984 F.2d at 393.  Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 10) is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505.00 appellate filing fee.[2] Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 11th day of December, 2023.

          S/ Clay D. Land
          CLAY D. LAND
          U.S. DISTRICT COURT JUDGE
          MIDDLE DISTRICT OF GEORGIA

---

[2] The fee to file an appeal in the Eleventh Circuit Court of Appeals increased from $505.00 to $605.00 effective December 1, 2023. *See* https://www.ca11.uscourts.gov/fee-schedules (last accessed Dec. 8, 2023). Plaintiff's notice of appeal (ECF No. 7) and his motion for leave to proceed *in forma pauperis* on appeal (ECF No. 10) were both filed before December 1, 2023, and his appeal was docketed in the Eleventh Circuit on November 3, 2023. As such, Plaintiff should only be responsible for paying the $505.00 filing fee.